# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In Re the Marriage of:<br><br>SHAUN WILLIAMS,<br><br>                Appellant,<br><br>    v.<br><br>JENNY WILLIAMS,<br><br>                Respondent. | No. 55708-8-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Shaun Williams appeals from the superior court's denial of his motion to revise the superior court's order denying his motion to vacate the order granting his former wife, Jenny Williams', motion to enforce a Military Qualifying Court Order (MQCO). The MQCO, which was incorporated into the Williams' 2017 dissolution decree, assigned Jenny a portion of Shaun's military retirement. Post-dissolution, Shaun elected to receive disability in lieu of retirement and unilaterally reduced the amount of military retirement pay to Jenny as a result. Shaun argues that the superior court erred in denying his motion to revise its order denying his motion to vacate the order enforcing the MQCO because the doctrine of federal preemption deprived the superior court of subject matter jurisdiction to assign his VA (Veterans Affairs) disability benefits, and therefore, the dissolution decree incorporating the MQCO is void.

We hold that under the doctrine of res judicata, Shaun cannot collaterally challenge the validity of the unappealed dissolution decree and MQCO. We further hold that Jenny is entitled

to attorney fees on appeal. Accordingly, we affirm the superior court's order denying revision and award Jenny attorney fees.

FACTS

Shaun and Jenny Williams divorced in January 2017 after a decade of marriage. In 2017, the superior court entered findings of fact and conclusions of law finding the Williams' marriage irretrievably broken and dividing their property. The decree of dissolution ordered Shaun to pay Jenny spousal maintenance and awarded Jenny "a marital share from [Shaun's] Military Retired pay." Supp. Clerk's Papers (CP) at 233. The division of Shaun's military retirement pay was delineated in an agreed Military Qualifying Court Order (MQCO) entered the same day that assigned 50% of his disposable military retirement pay to Jenny. The MQCO provided,

> This Court shall retain jurisdiction to modify the pension division or property division herein should the Husband waive military retired pay for VA disability compensation, retires early, or does not retire and as a result the Wife's share of his retired pay is reduced or negated. The Court shall retain jurisdiction in order to allow it to adjust the Wife's share to pre-waiver levels or require property transfers or payments, or any other form of equitable payment, ie. support from the Husband that would otherwise result in equity between the parties in order to carry out the intent of the Court in this order.

Supp. CP at 163. Shaun did not appeal the dissolution decree or the MQCO.

Due to Shaun's failure to comply with the support orders entered by the court, including the MQCO, Jenny filed motions for enforcement in October 2018 and December 2018. A commissioner entered a temporary family law order finding that Shaun had circumvented the agreement of the parties. Shaun moved for reconsideration, which the commissioner denied.

In June 2019, Jenny sought an order determining the amount Shaun was required to pay her. In August 2019, the superior court entered an order for maintenance and enforcement of the MQCO, which ordered Shaun to pay Jenny maintenance in accordance to a schedule drafted by a

Special Master. Shaun did not appeal this order. After Shaun failed to pay, the superior court found him in contempt in February 2020 and ordered him to pay Jenny attorney fees. The superior court found Shaun still in contempt in May 2020 and entered another contempt order against him in June 2020.

In December 2020, Shaun filed a motion for an order to show cause as to why the 2019 order for maintenance and enforcement of the MQCO should not be vacated. The superior court denied Shaun's motion and awarded Jenny attorney fees for having to respond to the motion. In January 2021, the commissioner entered an order denying Shaun's motion to vacate and awarding Jenny attorney fees. Shaun moved to revise the commissioner's decision, which was also denied.

Shaun appeals the superior court's order denying his motion to revise.

ANALYSIS

Shaun argues that the superior court erred in denying his motion to revise its order denying his motion to vacate the order enforcing the MQCO because the doctrine of federal preemption deprived the superior court of subject matter jurisdiction to assign his VA disability benefits, and therefore, the judgment is void. Jenny responds that under the doctrine of res judicata, the superior court properly enforced the final, unappealed 2017 dissolution decree incorporating the MQCO.[1] We agree with Jenny.

Retired service members are entitled to pay from the federal government. *Howell v. Howell*, ___ U.S. ___, 137 S. Ct. 1400, 1402-03, 197 L. Ed. 2d 781 (2017). If a service member

---

[1] Jenny also argues that we should dismiss Shaun's appeal because it is frivolous and does not comply with the appellate rules of procedure. Because we affirm the trial court under the doctrine of res judicata, we do not reach this argument.

is disabled, they may receive disability retirement. *Howell*, 137 S. Ct. at 1403. In 2017, the United States Supreme Court decided *Howell*. There, the nonmilitary wife was awarded a portion of her husband's military retirement benefits. *Howell*, 137 S. Ct. at 1404. Several years later, the husband waived a portion of his retirement in favor of receiving disability benefits. *Howell*, 137 S. Ct. at 1404. The Court held that federal law preempted the state court from ordering the husband to pay his former wife by dividing his disability benefits. *Howell*, 137 S. Ct. at 1405-06.

Importantly, the *Howell* Court did not address res judicata. Prior to *Howell*, the Supreme Court noted that whether the doctrine of res judicata should bar the reopening of otherwise final settlements is a matter of state law over which the Supreme Court has no jurisdiction. *Mansell v. Mansell*, 490 U.S. 581, 589, n. 5, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989). "We review de novo whether an action is barred by res judicata." *In re Marriage of Kaufman*, 17 Wn. App. 2d 497, 509, 485 P.3d 991 (2021).

Res judicata protects the finality of judgments. *Kaufman*, 17 Wn. App. 2d at 509. "The 'threshold requirement' for res judicata to apply 'is a valid and final judgment on the merits in a prior suit.'" *Kaufman*, 17 Wn. App. 2d at 509 (quoting *In re Marriage of Weiser*, 14 Wn. App. 2d 884, 903, 475 P.3d 237 (2020)). When res judicata applies to a final judgment, the judgment may only be reopened when specifically authorized by statute or court rule. *Kaufman*, 17 Wn. App. 2d at 509. "RCW 26.09.170(1), which governs the modification of marriage dissolution decrees, prohibits the [superior] court from modifying 'its own decree in the absence of conditions justifying the reopening of the judgment.'" *Kaufman*, 17 Wn. App. 2d at 509 (quoting *Weiser*, 14 Wn. App. 2d at 904). In marriage dissolution actions, res judicata prevents

4

the reopening of a property settlement and is a matter of state law. *Kaufman*, 17 Wn. App. 2d at 509.

Ignoring the res judicata effect of his unappealed dissolution decree and property settlement, Shaun argues that the superior court did not have subject matter jurisdiction over his VA disability benefits, and therefore, the judgment is void and unenforceable. "'Subject matter jurisdiction refers to a court's ability to entertain a type of case, not to its authority to enter an order in a particular case.'" *Kaufman*, 17 Wn. App. 2d at 510 (quoting *Boudreaux v. Weyerhaeuser Co.*, 10 Wn. App. 2d 289, 295, 448 P.3d 121 (2019)). "[W]here the court 'has jurisdiction of the parties and of the subject matter, and has the power to make the order or rulings complained of,'" but its order "'is based upon a mistaken view of the law or upon the erroneous application of legal principles, it is erroneous,' as opposed to void for lack of jurisdiction." *Ronald Wastewater Dist. v. Olympic View Water & Sewer Dist.*, 196 Wn.2d 353, 372-73, 474 P.3d 547 (2020) (internal quotation marks omitted) (quoting *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968)).

Under article IV, section 6 of the Washington Constitution, superior court jurisdiction extends to "all cases and . . . all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." RCW 26.12.010 specifically grants the superior court jurisdiction to hear family law cases and to enter orders addressing "the distribution of property or obligations." Under this broad constitutional and statutory grant of subject matter jurisdiction, we may only find lack of jurisdiction under "compelling circumstances, such as when it is explicitly limited by the Legislature or Congress." *Kaufman*, 17 Wn. App. 2d at 511 (quoting *Weiser*, 14 Wn. App. 2d at 905). Orders dividing property in dissolution decrees are within the

superior court's "proper exercise of authority" and any legal errors in this case were not jurisdictional defects.[2] *Kaufman*, 17 Wn. App. 2d at 513.

Our court recently considered a similar challenge in *Kaufman*. 17 Wn. App. 2d at 497. There, the ex-wife obtained an enforcement order requiring her ex-husband to pay spousal maintenance including a portion of his VA disability benefits. *Kaufman*, 17 Wn. App. 2d at 505. Kaufman challenged the enforcement order, raising the same arguments as Shaun does here. *Kaufman*, 17 Wn. App. 2d at 509. We rejected Kaufman's arguments explaining:

> [A] trial court decision contrary to federal law may amount to an error of law that can be corrected on appeal or through a CR 60 motion, but that does not undermine the trial court's subject matter jurisdiction. Here, we hold that the trial court had authority to enter the dissolution decree, including the division of [Kaufman]'s military disability retirement and, thus, the unappealed, final decree has res judicata effect.

*Kaufman*, 17 Wn. App. 2d at 519. "Even a prior unappealed order that was incorrect at the time it was made may be subject to res judicata so long as the court had personal and subject matter jurisdiction. *Kaufman*, 17 Wn. App. 2d at 516.

Our decision in *Kaufman* is dispositive here. The Williams' dissolution decree was a valid, unappealed final judgment on the merits, and the spousal maintenance provision incorporating the MQCO is not void. Res judicata prevents Shaun from collaterally challenging the validity of the dissolution decree in response to Jenny's motion to enforce. The superior court did not lack subject matter jurisdiction to enter the dissolution decree or enter its enforcement order. Thus, the superior court did not err in denying Shaun's motion to revise.

---

[2] To the extent Shaun argues that federal preemption deprived the state superior court of subject matter jurisdiction, our court expressly rejected that argument in *Kaufman*. 17 Wn. App. 2d at 512-13.

No. 55708-8-II

ATTORNEY FEES

Jenny requests attorney fees on appeal under RCW 26.18.160. Under RAP 18.1(a), we may grant attorney fees on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." Under RCW 26.18.160, the prevailing party in an action to enforce a support or maintenance order may recover attorney fees and costs without showing financial need. *Kaufman*, 17 Wn. App. 2d at 521. Because we affirm the superior court's order denying revision of its order denying vacation of the enforcement order in Jenny's favor, we grant her request for attorney fees on appeal under RAP 18.1(a) and RCW 26.18.160.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, C.J.

Price, J.

7